[No. 3992.   Decided January 3, 1902.]

A. BARNES *et al., Respondents,* v. M. GERBERG *et al., Appellants.*

WATER COURSES — ACTION TO RESTRAIN DIVERSION OF WATER —DECREE IN FORMER ACTION — ADMISSIBILITY OF ORIGINAL IN EVIDENCE.

In an action to restrain interference with the flow of water in a creek, the introduction in evidence of the original decree in a prior case, whereby the rights of all parties to the waters of such creek for irrigation purposes had been finally determined, was not reversible error, although a copy thereof had not been furnished to be filed as an exhibit, since the mere fact of failure to preserve the record complete in both cases could not prejudice the parties in any way.

SAME — SUFFICIENCY OF EVIDENCE.

A decree restraining defendants from interfering with the flow of water in a creek to the injury of plaintiffs is warranted, where the evidence shows that a dam had been several times built by some one across the creek below what was known as the "south channel," thereby diverting the water into such south channel, the entrance of which had also been deepened; that defendants disclaimed having interfered in any way with the flow of the water in the main channel, but the flow through the south channel inured to their benefit by conducting the water upon their premises.

Appeal from Superior Court, Kittitas County.—Hon. John B. Davidson, Judge. Affirmed.

*Pruyn & Slemmons,* for appellants.

*Graves & Englehart,* for respondents.

The opinion of the court was delivered by

Mount, J.—This action was brought by respondents in the superior court of Kittitas county against appellants to restrain appellants from interfering with the flow of water in Menastash creek. After issue joined, trial was had and a decree as prayed for entered. Appeal is taken from that decree.

It appears from the record that both appellants and respondents own arid lands upon Menastash creek, which lands require irrigation in order to become productive; that there is not sufficient water in Menastash creek to irrigate all these lands; that on April 15, 1891, the superior court of Kittitas county, in consolidated cases in which the respondents Barnes and wife and one Edward Russell, grantor of the respondents Norris and wife, and Peter J. Norling, grantor of appellants Gerberg and wife, were parties, in which case these and other parties appeared and submitted the cause to trial, the court entered a decree whereby the rights of all the parties thereto in

and to the waters of Menastash creek for irrigating purposes were finally determined. Subsequent thereto respondents Norris and wife purchased lands of Edward Russell, above named, and appellants purchased lands of Peter J. Norling above named. The water rights to these lands had been determined in the case mentioned. Thereafter, and prior to the time this suit was instituted, appellants Gerberg and wife obstructed the flow of water in Menastash creek, and were taking water therefrom in violation of the decree named.

Appellants allege two errors for reversal of the decree herein, as follows: Error in allowing the decree in the case of Gray and others v. Johnson and others to be read in evidence in this case without requiring counsel to furnish a copy thereof to be filed as an exhibit in the case; (2) error in not finding the facts in favor of appellants.

1. At the trial the court received in evidence, over objection of appellants, the decree in the consolidated cases of Gray and others v. Johnson and others. This decree was received and marked as "Plaintiffs' Exhibit B." This exhibit was evidently the original, and the court did not require counsel to furnish a copy thereof. While there is no doubt that the court had authority to require copies to be filed, so as to preserve the record complete both in this and in the original case, and while it was probably the duty of the court to have done so, yet the neglect or refusal of the court to make such an order would not affect the merits of this case so that error may be based thereon. The facts contained in the record were before the court, and the court considered them, and made findings based thereon. The mere fact that copies were not preserved in the record could not prejudice the case in any way, and certainly would not be reversible error.

2.  We have gone carefully over the evidence, in order to determine the facts, and we find no serious dispute therein except upon the question whether appellants caused the water to flow through the south channel, and thereby over their land, or whether it flowed there naturally.  There was no dispute as to the amount of water respondents were entitled to under the decree in Gray and others *v*. Johnson and others, and no dispute that prior to the time this action was begun respondents herein were not receiving the amount of water they were entitled to under the decree in Gray and others *v*. Johnson and others. The evidence shows conclusively that at the place where the south channel puts off from the main channel, a dam had been placed in the main channel, which dam diverted the water from the main channel into the south channel, and upon the premises of appellants.  This dam was removed by respondents and the water commissioner upon several different occasions, and each time was replaced by some one.  Appellants and their employees each denied having interfered with the flow of the water in the main channel in any way.  We think the circumstances which appeared in evidence were sufficient to sustain the findings that the entrance to the south channel had been artificially deepened, and the water in the main channel diverted therefrom into the south channel, by appellants or their employees by means of dams, and that respondents were entitled to have the flow of water in the main channel.

We conclude that the findings of the lower court were correct upon the facts, and the cause is therefore affirmed.

REAVIS, C. J., and FULLERTON, DUNBAR, ANDERS, WHITE and HADLEY, JJ., concur.